UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT DORMAN and DOUGLAS
HULME,

      Plaintiffs,

      v.

MADISON COUNTY, DAVID VUCICH,
CHRIS SLUSSER, THOMAS GIBBONS,
JOHN D. LAKIN, JF ELECTRIC,
RICK FACCIN, RAY WESLEY, MIKE
WALTERS, JAMIE GOGGINS, ERICA
HARRISS, CHRIS BETHEL, PATRICK
MCREA, JEFF CONNOR, ERICK DECKER,
MIKE PARKINSON, BOB DAIBER, JACK
DAUGHERTY, TOM MCREA, JENNIFER
ZOELZER, WILLIAM MUDGE, JENNIFER
MUDGE,

      Defendants.

Case No. 3: 21-cv-1395-JPG

**MEMORANDUM AND ORDER**

## I.    **Introduction**

This matter comes before the Court on Defendants Madison County, an Illinois

Municipal Corporation, Chris Slusser, Thomas Gibbons, Rick Faccin, Ray Wesley, Mike

Walters, Jamie Goggins, Erica Harriss, Chris Bethel, Patrick McRea, Mike Parkinson, Bob

Daiber, Tom McRea, Jennifer Zoelzer, Jennifer Mudge, Jeff Connor, Erick Decker, David

Vucich, and John D. Lakin ("Defendants") Motion to Dismiss (Doc. 12) and Defendant J.F.

Electric's ("J.F. Electric") Motion to Dismiss (Doc. 23). The only defendants who do not have

counsel entered and have not joined in the motions to dismiss are William Mudge and Jack

Daugherty.

## II.     Background

On August 6, 2021, Plaintiffs Robert Dorman and Douglas Dulme ("Plaintiffs") filed a complaint in Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("Complaint"). On November 8, 2021, Defendants removed this case to the District Court for the Southern District of Illinois. Count I of the Complaint filed in Madison County alleges and contains various facts and legal conclusions regarding civil conspiracy, tortious interference, breach of contract, and false light in Count I. Count II claims violations of 42 U.S.C. § 1983.

The Complaint alleges that Plaintiffs were "employees and officials of Madison County" and were terminated from their positions. (Compl at ¶ 3). In "approximately the year of 2016" "all of the defendant [sic] participated in conspiratorial conduct tantamount to a civil conspiracy against the plaintiffs…" As a result, Plaintiffs were terminated from employment and such termination resulted in "tortious interference with Plaintiffs' employment," and "denial of a number of state and federal civil rights." *Id*. The Complaint further alleges that Defendants improperly utilized "court ordered overhear that was "read aloud contrary to law [sic]." *Id*. Further, Plaintiffs allege that they were denied the right to be informed of charges against them, denied right to confront their accusers, denied the right to cross-examine witnesses, denied the right to be represented by counsel." *Id*.

Next, Plaintiffs allege they had a valid employment contract and "[a]ll of the defendants either directly or indirectly, intentionally and unjustifiably induced a breach of said employment contracts by specifically calling for the termination of each of Plaintiff's employment and by making false and unsupported accusations of improper conduct and in some cases alleged criminal misconduct." (Compl at ¶ 8). The Plaintiffs were terminated by resolution of the Madison County Board on April 16, 2020. *Id*. at ¶ 9. Plaintiffs state their termination at this

board meeting was based on false information and obtained by "improper and/or illegal conduct" "tantamount to whistleblower discharge or retaliatory discharge of the Plaintiffs." *Id*. at ¶ 11. As such, Plaintiffs allege that "false and defamatory statements made by many of the Defendants and acted upon by other Defendants constitute the tort of False Light giving right to a cause of action by the Plaintiffs against the Defendants and each of them." *Id*. at ¶ 12.

In Count II, Plaintiffs state that the "misconduct of the defendants constitute multiple due process violations under 42 U.S.C. § 1983." *Id*. at ¶ 16.

Defendants (Doc 13) and J.F. Electric (Doc. 23) move to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs failed to respond to those motions. After Plaintiffs failed to respond during required time period, on January 10, 2022, Defendants filed a Motion to Stay Discovery (Doc. 27). On January 11, this Court ordered an Order to Show Cause by January 25, 2022, as to why this Court should grant Defendants' Motion to Dismiss (Doc. 30). Plaintiffs did not respond to that Order to Show Cause. On January 27, 2022, this Court entered a second Order to Show Cause as to why this Court should not dismiss Plaintiffs' case (Doc. 32). Plaintiffs filed a response on February 2, 2022 (Doc. 33). In its response, Plaintiffs stated it emailed a response to this Court and copies to counsel on January 24, 2022 (as a response to the first Order to Show Cause). Defendants and J.F. Electric responded (Doc. 34). In its response, Defendants and J.F. Electric stated they never received any response from Plaintiffs via email. This Court did not receive any response either. In response, this Court ordered Plaintiffs to file their response to Defendants' motions to dismiss, as it should have done so on November 29, 2021, and December 15, 2021, respectively.

In response, Plaintiffs filed a response to the order to show cause (Doc. 38) and a response to Defendants' Motions to Dismiss (Doc. 39). Although Plaintiffs have failed to

respond to the motions and adhere to the Federal Rules and local rules for the District Court for the Southern District of Illinois, this Court will accept Plaintiffs' response to the pending motions to dismiss. Defendants filed a reply to Plaintiffs' response (Doc. 42).

### III.    Law and Analysis

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

We "are not bound to accept as true a legal conclusion couched as a factual allegation."

*Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal quotation marks omitted), quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). This is a fine line, though, and it is appropriate to give plaintiffs a chance to amend a complaint to provide more factual detail, as the district court did here after its first dismissal. *Olson v. Champaign Cty., Ill*., 784 F.3d 1093, 1099 (7th Cir. 2015).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. A claim should survive a Rule 12(b)(6) motion to dismiss if the complaint contains well-pled facts—that is, not just legal conclusions— that permit the court to infer more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. In deciding or reviewing a Rule 12(b)(6) motion, we do not ask did these things happen; instead, "the proper question to ask is still 'could these things have happened.' " *Carlson v. CSX Transportation, Inc*., 758 F.3d 819, 827 (7th Cir. 2014) (internal citations omitted).

In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

### A. Defendants' Motion to Dismiss

#### 1. Count 1 – various Illinois state law claims

First, this Court will address Defendants' Motion to Dismiss (Doc. 13). Defendants state "Plaintiffs' cobble together conclusory allegations in Count I which recite the elements of various causes of action…including civil conspiracy, tortious interference, breach of contract, and false light." (Doc. 13, p. 3). Defendants argue that Plaintiffs have failed to plead necessary

allegations under Rule 12(b)(6) and Count I should be dismissed. *Id*. at 3. The Court notes that one of the most important facets under *Twombly* and *Iqbal* is notice. Rule 8(a)(2) simply requires a "short and plain statement of the claim" and need only "give the defendant fair notice of what the…claim is and what the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964–65 & n. 3 (2007). Such a requirement is vitally important so a defendant can properly respond to or defend against the claim. *Johnson v. Pres. Mgmt., Inc*., No. 21 C 02878, 2022 WL 595732, at *3 (N.D. Ill. Feb. 28, 2022) ("But here, Greenbaum is left to guess what he is being accused of and why."); *see also Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (The key to satisfying Rule 8 is that plaintiff "put the defendants on notice of what exactly they might have done to violate [his] rights.").

As a whole, Plaintiffs' Complaint was deficient in details, facts, names, or any identifiable information that could put Defendants or this Court on notice as to what actions brought rise to this cause of action. As Defendants also note, other than the defendants being listed in the case caption, the individual defendants are not mentioned by name or organization. (Doc. 13, p. 3). While it is not impermissible to direct an allegation against multiple defendants at the pleading stage because a plaintiff may not be able to specify which individual committed which parts of the alleged misconduct before the benefit of discovery, the Court isn't certain such is the case here. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009); *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009). Allegations directed at multiple defendants may suffice to plead personal involvement when they clearly pertain to all of those defendants. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) ("Brooks adequately pleads personal involvement, because he specifies that he is directing this allegation at all of the defendants"). While there are some instances that Plaintiffs state "all defendants," there are other

times Plaintiffs make confusing statements such as "[t]hose defendants who are either sheriff or deputy sheriffs." If the Court is unable to ascertain what Plaintiffs are alleging, so to must Defendants. Thus, while it is not dispositive that Plaintiffs rely on "group pleading," it is dispositive that Plaintiffs fail to put defendants on notice on what defendants did to violate their rights. See *Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) ("Although it relies on "group pleading," Kuri's complaint is coherent, and the basis of his claims is easily understood."). Here, the basis of Plaintiffs' Complaint is not easily understood. Information that even Plaintiffs may have at their disposal – i.e. the employment contract, employment type, who was involved in this hearing, or circumstances around the hearing that allegedly resulted in deprivation of rights is not sufficiently plead.

Plaintiffs allege various claims of tortious interference, breach of contract, and false light in Count I. However, as our courts have made clear, a complaint requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Defendants state that "Plaintiffs do not state with particularity which claims are being made against which defendants." (Doc. 42, p. 3). However, "particularity" is a heightened pleading standard that Plaintiffs are not subject to. For example, "particularity" is a pleading requirement for claims alleging fraud. Plaintiffs do not make allegations of fraud and their claims must simply be "plausible" to sufficiently state a claim for relief. It is under the "plausibility" standard that the Court evaluates Plaintiffs' claims.

The Court will construe Plaintiffs' Complaint as a claim for tortious interference with contract. To state a claim for tortious interference with contract, Plaintiffs must allege enough facts to establish: "(1) a valid contract, (2) defendant's knowledge of the contract, (3) defendant's intentional and unjustified inducement of a breach of contract, (4) a subsequent breach of contract caused by defendant's wrongful conduct, and (5) damages." *Webb v. Frawley*, 906 F.3d

569, 577 (7th Cir. 2018) (citations omitted). Here, Plaintiffs allege the existence of a "valid and enforceable contract." (Compl at ¶ 4). Later, Plaintiffs state that "defendants either directly or indirectly" induced a breach of "said employment contracts by specifically calling for the termination of each of Plaintiff's employment and by making false and unsupported accusations of improper conduct…" *Id*. at ¶ 8. Notwithstanding that Plaintiffs have insufficiently plead defendants' knowledge of a contract, the Court believes that Plaintiffs have failed to adequately allege the existence of a valid employment contract. This Court is unclear from the Complaint in what capacity they were employed at Madison County. Again, the Court is not bound to accept these legal conclusions, couched as facts, as true. The Court needs more. To the extent Plaintiffs filed a Complaint against Defendants for tortious interference with contract, the Court will dismiss that count.

The Court will construe Plaintiffs' Complaint as alleging a breach of contract claim. The required elements of a breach of contract claim in Illinois are the standard ones of common law: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012) (internal citations omitted). Again, the Complaint fails to make any allegations related to the contract (other than one existed) and fails to allege consideration or definite and certain terms under the contract. To the extent Plaintiffs filed a Complaint against Defendants for breach of contract, the Court will dismiss that count.

The Court will construe Plaintiffs' Complaint as alleging a false light claim. To state a claim for false light under Illinois law, Plaintiffs must allege that (1) they were "placed in a false light before the public as a result of the [D]efendants' actions, (2) that false light "would be highly offensive to a reasonable person," and (3) the Defendants "acted with actual malice."

*Osundairo v. Geragos*, 447 F. Supp. 3d 727, 738 (N.D. Ill. 2020), reconsideration denied, No. 19-CV-02727, 2020 WL 5979450 (N.D. Ill. Oct. 8, 2020) (internal citations omitted). While Plaintiffs invoke the words "false light" cause of action, Compl at ¶ 12, Plaintiffs do not point to any specific statement that Defendants made that forms the basis of the allegation. This leaves the Court guessing as to what statements Defendants made, and do not put Defendants on notice as to which Defendants made the statements, and what the statements were. Thus, Defendants are unable to defend against this claim. *See id.* ("This imprecision leaves Defendants and this Court guessing as to which statements are at issue. Plaintiffs' claims of defamation per se and false light based on the allegations in paragraph 26 are thus dismissed for lack of specificity."). Regarding the malice requirement, while Illinois allows malice to be alleged generally, "the bare conclusory claim of malice, unaccompanied by allegations from which the required subjective element of malice might be inferred, is insufficient to survive a motion to dismiss." *Pippen v. NBC Universal Media, LLC*, No. 11-CV-8834, 2012 WL 12903167, at *2 (N.D. Ill. Aug. 2, 2012), aff'd sub nom. *Pippen v. NBC Universal Media, LLC*, 734 F.3d 610 (7th Cir. 2013) (internal quotations and citation omitted). Plaintiffs make no allegations sufficient to allege the subjective element of malice. Based on the allegations of the Complaint, this Court, even viewing all reasonable inferences in favor of Plaintiffs, cannot make an inference of malice. To the extent Plaintiffs filed a Complaint against Defendants false light, the Court will dismiss that count.

### 2. Count II - 42 U.S.C. § 1983

Next, Defendants state that Count II of Plaintiffs' Complaint must be dismissed as well for failure to state a claim. (Doc. 13, p. 5). Count II of Plaintiff's Complaint alleges misconduct in violation 42 U.S.C. § 1983. Compl at ¶ 16. In fact, the entire allegation regarding Plaintiffs' §

1983 claim states "[t]he misconduct of the defendants constitute multiple due process violations under 42 U.S.C. § 1983." *Id*. A plaintiff may hold a public official personally liable for misconduct under § 1983 upon satisfying two "essential elements." *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994). First, the challenged conduct must have been "committed by a person acting under color of state law"—a requirement coming directly from § 1983's text. *Id*. Second, the state actor's conduct must have deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution" or federal law. 42 U.S.C. § 1983; *see also Wyatt v. Cole*, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

   In other parts of the Complaint Plaintiffs allege "[a]t the Madison County Board meeting at which Plaintiffs were discharged the Plaintiffs were denied the right to be informed of the charges against them, denied the right to confront their accusers, denied the right to cross-examine witnesses, denied the right to be represented by counsel, and a variety of other denials." Compl at ¶ 3. Additionally, Plaintiffs state Defendants used law enforcement improperly by a "court ordered overhear" prior to this Madison County board meeting. *Id*. A court ordered overhear, by itself, read aloud during a hearing where Plaintiffs were allegedly terminated, is not enough to plausibly state a claim under § 1983. Specifically, listing off fifth amendment rights that Defendants allegedly violated are "legal conclusion[s] couched as a factual allegation[s]." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. They do not provide this Court with factual allegations that can plausibly suggest or establish Defendants deprived Plaintiffs of their rights. Drafting legal conclusions without factual content is what *Twombly* and *Iqbal* has cautioned Courts against.

Additionally, this Court is still left with questions as to which Defendants are acting under "color of state law" and in their official capacities. The Court has additional questions as to the role of the public corruption taskforce. Compl at ¶ 3. Plaintiffs allege that defendants who were "not active police officers in the conduct complained" nevertheless participated with Plaintiffs' termination. *Id*. at ¶ 8. Even if Plaintiffs properly alleged enough facts for a § 1983 claim against police defendants, they have not done so against non-police defendants.

To establish a *prima facie* case of a civil conspiracy liability in a § 1983 claim, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). It is enough during the pleading stage to "merely indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002); *see also Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009) (discussing *Twombly* and *Iqbal*). Further, it is not necessary at this stage for a plaintiff to "establish what roles the individual defendants played nor does [the plaintiff] need to allege facts dispositively proving a 'meeting of the minds." *Haliw v. City of South Elgin*, No. 19 C 01515, 2020 WL 1304697, at *3 (N.D. Ill. Mar. 18, 2020). At the same time, the plaintiff must allege that "a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Again, here Plaintiffs do not make any allegations to put certain defendants on notice regarding what they are charged with. Plaintiffs' reply states that Defendants participated in "conspiratorial conduct" resulting in various denials of Plaintiffs' rights (Doc. 39, p. 2-3). Plaintiffs' claims are legal conclusions and not well-pled facts. For example, the Court asks what employment? What "public corruption taskforce"? What

"false and defamatory statements"? How did Defendants conspire against Plaintiffs? The Court

is simply left with too many questions that are core to this Court's plausibility determination.

Additionally, this Court does not require Plaintiffs to allege facts that *establish* the individual

roles of the Defendants, it requires allegations of which Defendants joined the conspiracy and

those Defendants knew of its scope. Plaintiffs' Complaint does not do so.

Plaintiffs named Madison County as a defendant. A municipality can be liable under §

1983 only "when execution of a government's policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent official policy, inflicts the

injury." *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019). The Seventh Circuit has

interpreted that a municipal can be liable under three bases: "(1) an express policy that causes a

constitutional deprivation when enforced; (2) a widespread practice that is so permanent and

well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional

injury was caused by a person with final policymaking authority." *Estate of Sims ex rel. Sims v.*

*Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (citation omitted). Here, Plaintiffs have not

alleged an unconstitutional custom or policy. *See also Hosea v. Slaughter*, 669 F. App'x 791, 792

(7th Cir. 2016); *Matthews v. City of East St. Louis*, 675 F.3d 703, 708–09 (7th Cir. 2012). Thus,

Plaintiffs § 1983 against Madison County is dismissed.

**B. Defendant J.F. Electric's Motion to Dismiss**

Defendant J.F. Electric moved to dismiss Plaintiffs' Complaint for a failure to state a

claim upon which relief can be granted (Doc. 23). In its support. J.F. Electric states that

Plaintiffs' Complaint "fails to contain *any facts* of how it may have played a role in employment

decisions regarding plaintiffs Hulme and Horman." (Doc. 24, p. 2). The Court must agree.

Plaintiffs do not allege any facts as to how J.F. Electric is involved in their case.

For ease, the Court will briefly restate Plaintiffs' claims of tortious interference, breach of contract, and false light in Count I. The required elements of a breach of contract claim in Illinois are the standard ones of common law: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Wigod*, 673 F.3d at 560. To state a claim for tortious interference with contract, Plaintiffs must allege: "(1) a valid contract, (2) defendant's knowledge of the contract, (3) defendant's intentional and unjustified inducement of a breach of contract, (4) a subsequent breach of contract caused by defendant's wrongful conduct, and (5) damages." *Webb*, 906 F.3d at 577. To state a claim for false light, Plaintiffs must allege that (1) they were "placed in a false light before the public as a result of the [D]efendants' actions, (2) that false light "would be highly offensive to a reasonable person," and (3) the Defendants "acted with actual malice." *Osundairo*, 447 F. Supp. 3d at 738 (N.D. Ill. 2020).

Plaintiffs do not allege how there was any offer, acceptance, consideration, performance, or breach between Plaintiffs and J.F. Electric. Next, Plaintiffs do not allege how J.F. Electric knew of Plaintiffs' contracts or what kind of wrongful conduct J.F. Electric engaged in to cause a breach. Lastly, Plaintiffs do not allege how J.F. Electric acted with any malice. The Court dismisses Count I against J.F. Electric.

Next, Plaintiffs make allegations that Defendant J.F. Electric violated 42 U.S.C. § 1983. To do so, such conduct must have been "committed by a person acting under color of state law." 42 U.S.C. § 1983. Second, the state actor's conduct must have deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution" or federal law. 42 U.S.C. § 1983; *see also Wyatt*, 504 U.S. 158, 161, 112 S.Ct. 1827. Plaintiffs fail to allege any plausible claim that J.F. Electric is a state actor or acting "under color of state law." The Court dismisses Count II against

J.F. Electric.

### IV.   Conclusion

The Court hereby:

- **GRANTS** Defendants' Motion to Dismiss (Doc. 12);

- **GRANTS** Defendant J.F. Electric's Motion to Dismiss (Doc. 23);

- **DISMISSES WITHOUT PREJDUICE** the Complaint (Doc. 2) against Madison County, Chris Slusser, Thomas Gibbons, Rick Faccin, Ray Wesley, Mike Walters, Jamie Goggins, Erica Harriss, Chris Bethel, Patrick McRea, Mike Parkinson, Bob Daiber, Tom McRea, Jennifer Zoelzer, Jennifer Mudge, Jeff Connor, Erick Decker, David Vucich, and John D. Lakin, and J.F. Electric;

- **FINDS AS MOOT** Defendants' and J.F. Electric Motion to Stay Discovery (Doc. 27).

**IT IS SO ORDERED.**
**Dated: March 23, 2022**

/s/  J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**